UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRUMAINE TURANE,

                   Petitioner,

    v.                                                  9:20-CV-0437
                                                      (GTS)
NUNZIO E. DOLDO, Superintendent of Cape Vincent
Correctional Facility; ANTHONY J. ANNUCCI,

                   Respondents.
_____

APPEARANCES:                                                 OF COUNSEL:

TRUMAINE TURANE
13-R-2122
Petitioner, pro se
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, NY 13642

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Trumaine Turane seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet."). Petitioner also filed exhibits in support of his petition. Dkt. No. 1-

1, Exhibits ("Ex.").

      On April 17, 2020, this action was administratively closed due to petitioner's failure to

properly commence the case by either paying the statutory filing fee or filing a certified

application to proceed in forma pauperis ("IFP"). Dkt. No. 2, Order. On April 24, 2020, the

Court received both the statutory filling fee and a properly certified IFP application;

accordingly, it reopened this action. Dkt. No. 3, IFP Application; Dkt. Entry dated 04/24/20 (identifying receipt information for the filing fee transaction); Dkt. No. 4, Text Order (reopening case).

## II.    IFP APPLICATION

At the outset, petitioner's IFP application, Dkt. No. 3, is denied as moot because petitioner already paid the filing fee. Dkt. Entry for Pet. dated 04/24/20.

## III.   THE PETITION

The procedural history leading to the parole revocation which petitioner ultimately challenges is, at best, difficult to decipher. However, one of the attached state court decisions seems to clarify the events giving rise to the present petition. *See* Ex. at 7-8.

Petitioner's underlying criminal conviction is from a 2013 judgment, from New York County, pursuant to a guilty plea for one count each of third degree criminal sale and criminal possession of a controlled substance. Ex. at 7; *see also* Pet. at 7. In 2015, while released on parole, petitioner was convicted on federal charges of Possession with Intent to Distribute Heroin and Cocaine Base. Ex. at 8; *see also United States v. Turane*, No. 5:15-CR-0116 (D.Vt.).

The federal conviction resulted in petitioner being declared delinquent on his state parole. Ex. at 8. On February 19, 2019, petitioner completed his federal sentence and was taken into custody by the New York State Department of Corrections and Community Supervision ("DOCCS") for the parole violation. *Id.*

> On May 6, 2019, after a final revocation hearing, petitioner's parole was revoked and restored to a mandatory assessment to Willard. Petitioner refused to attend Willard and [a] parole warrant . . . was issued . . . a final parole revocation hearing was commenced and .

2

>    . . completed . . . [and o]n August 11, 2019, petitioner's parole was
>    revoked and a delinquent time assessment of 24 months was
>    assessed.

*Id.*

Petitioner perfected his administrative appeal, challenging the parole revocation; however, he filed an Article 78 proceeding in Jefferson County Court before the final administrative decision was issued. Ex. at 8-9. The county court dismissed the Article 78 motion as premature, as it was filed prior to the complete exhaustion of his administrative remedies. *Id.* at 9. Petitioner does not state that he appealed the county court's decision. The petition does indicate a presently pending matter in state court; however, it is unclear whether petitioner incorrectly refers to the Article 78 motion, which was already decided in January of 2020, or a subsequent appeal from that decision. Pet. at 17 (listing the name and location of the court in which an appeal is pending as the "Jefferson County Court" and failing to indicate what type of proceeding is pending and what issues were raised).

Petitioner alleges that he is entitled to habeas relief because (1) his parole revocation proceedings violated his procedural due process protections as improper evidence was permitted and he was unable to speak on his own behalf (Pet. at 1, 4-5); (2) he was wrongly denied a preliminary revocation hearing (*id.* at 1); (3) he was illegally detained in excess of his maximum release date (*id.* at 1, 10-12); (4) his sentence was improper (*id.* at 2); and (5) the parole conditions imposed upon him were illegally implemented (*id.* at 3, 12-13). For a more complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

**IV.    DISCUSSION**

3

Based upon an initial review, the Court concludes that the petition fails to establish whether petitioner fully exhausted his state remedies. The Court will not speculate as to this matter. However, in light of his pro se status, petitioner will be given an opportunity to amend his petition as outlined below.

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (citations omitted); *see also* N.Y.

COMP. CODES R & REGS tit. 9, §8006.1.  "If the Article 78 petition is denied, the petitioner must then appeal that denial to the 'highest state court capable of reviewing it.'"  *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *see also Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013) (explaining that the first step after the denial of an Article 78 petition is to "then appeal the denial to New York's intermediate appellate court, the Appellate Division.") (citations omitted).

Here, it is clear that petitioner has engaged in both the administrative and judicial appeal processes; however, it appears he has done both in an incomplete manner. Petitioner also acknowledges that he is in the midst of exhausting his state court remedies, although it is unclear what exactly he is exhausting and where he is in this process. Therefore, from the face of the petition, it does not appear that proper exhaustion has occurred.  Except in limited circumstances, which also must be presented to the Court, exhaustion is a prerequisite to the pursuit of habeas relief.  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).  Accordingly, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the procedural posture of his outstanding motions.[1]

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP Application, Dkt. No. 3, is **DENIED AS MOOT**; and it is

---

[1] A motion to amend filed prior to the exhaustion of petitioner's state administrative and judicial remedies would be denied as futile.  *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

further

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.  Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.  **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review.  No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review him arguments; and it is further

6

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

Dated: April 30, 2020

*Glenn T. Suddaby*
Hon. Glenn T. Suddaby
Chief U.S. District Judge