UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TRUMAINE TURANE,

                         Petitioner,

          v.                                                          9:20-CV-0437
                                                                      (GTS)

NUNZIO E. DOLDO, Superintendent of Cape Vincent
Correctional Facility; ANTHONY J. ANNUCCI,

                         Respondent.

_____

APPEARANCES:                                    OF COUNSEL:

TRUMAINE TURANE
Wilmington, DE 19802

HON. LETITIA JAMES                              HANNAH S. LONG, ESQ.
Attorney for Respondents                        Ass't Attorney General
New York State Attorney General
28 Liberty Street
New York, NY 10005

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

## I.     INTRODUCTION

On April 15, 2020, Trumaine Turane ("Petitioner") filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Dkt. No. 1.  On June 8, 2020, Petitioner filed an

amended petition.  *See* Dkt. No. 6 ("Am. Pet.").  Petitioner sought to be released from the

custody of New York State Department of Corrections and Community Supervision

("DOCCS") and to be "take[n] off of post release supervision[.]"  *Id*. at 14.  Respondents

opposed the amended petition.  Dkt. No. 37, Answer; Dkt. No. 37-1, Memorandum of Law in Opposition.

On April 26, 2022, the Court received a supplemental response from Respondents arguing that, because Petitioner's sentence fully expired, the amended petition should be dismissed as moot.  Dkt. No. 39.  On July 7, 2022, the Court issued an Order notifying Petitioner that, if he wished to respond to Respondents' supplement, he must do so by August 5, 2022.  Dkt. No. 40.  To date, the Court has received no response from Petitioner.

For the reasons that follow, the amended petition is dismissed as moot.

## II.     RELEVANT BACKGROUND

In 2013, Petitioner was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentenced as a second felony drug offender to a determinate sentence of 2 ½ years imprisonment and 3 years of supervision for each crime, with both sentences to run concurrently.  SR[1] at 17-41; 45.

In November 2014, Petitioner was released.  SR at 49, 548.  In 2015, while released on parole, Petitioner was convicted on federal charges of possession with intent to distribute heroin and cocaine base.  *See United States v. Turane*, No. 5:15-CR-0116 (D. Vt.).  The federal conviction resulted in Petitioner being declared delinquent on his state parole.  SR at 685.  On February 19, 2019, Petitioner completed his federal sentence and was taken into DOCCS custody for the parole violation.  *Id*. at 55-56, 685.

On May 20, 2021, Petitioner was re-released from DOCCS custody to post release

---

[1]  "SR" refers to the state court record, found at Dkt. No. 25-1.  Citations to the submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

supervision and permitted to serve his term of post release supervision in Delaware.  *See*

DOCCS Inmate Lookup Service, http://nysdocslookup.docs.state.ny.us (last visited Sept. 6,

2022); Dkt. No. 28-1 at 5.  Petitioner's maximum expiration date was April 6, 2022.  Dkt. No.

28-1 at 5.  However, in March 2022, DOCCS retroactively applied Penal Law § 70.40(4)(b)[2],

recalculated Petitioner's maximum expiration date to be May 21, 2021, and issued a

Certificate of Final Discharge from parole supervision.  Dkt. No. 39.

## III.    DISCUSSION

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United

States Constitution to matters that present a "case or controversy."  *Spencer v. Kemna*, 523

U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir. 2003).  Habeas

petitioners no longer in custody must demonstrate the existence of a "concrete and

continuing injury" or some " 'collateral consequence' of the conviction" in order for a petition

to be granted.  *Spence*r, 523 U.S. at 7; *Jackson v. Schult*, 07–CV–1146 (DNH), 2008 WL

5056851, at *1 (N.D.N.Y. Nov. 21, 2008).

The Supreme Court has stated that a challenge to an underlying conviction itself

carries the presumption that collateral, adverse consequences exist.  *Spencer*, 523 U.S. at

12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse

---

[2]  Section 70.40(4) provides, in pertinent part:

(b) After a person has begun a period of community supervision pursuant to this section and section 70.45 of this article, such period of community supervision shall be reduced by thirty days for every thirty days that such person does not violate a condition of and remains in compliance with all conditions of his or her community supervision, provided, however, that the person is not subject to any sentence with a maximum term of life imprisonment or lifetime supervision. When a person is subject to more than one period of community supervision, the reduction authorized in this subdivision shall be applied to every such period of parole or conditional release to which the person is subject.

N.Y. Penal Law § 70.40.

collateral legal consequences.' ") (quoting *Sibron v. New York*, 392 U.S. 40, 55 [1968] ).

Here, Petitioner does not challenge his underlying conviction; rather he claims: (1) he was wrongly denied a preliminary revocation hearing; (2) his parole revocation proceedings violated his procedural due process protections as he was precluded from cross-examining the witnesses; and (3) he was improperly sentenced.  *See* Am. Pet.  Thus, there is no presumption of collateral consequences and, in order to proceed, Petitioner must prove the existence of a concrete and continuing injury.  *Spencer*, 523 U.S. at 7; *see Champion v. Connell*, No. 9:07-CV-1266 (NAM), 2009 WL 290451, at *2 (N.D.N.Y. Feb. 4, 2009) ("While it is presumed that a habeas petitioner challenging his or her underlying criminal conviction suffers from collateral consequences after release from custody, the same cannot be said of individuals challenging parole denials or revocations.").  Despite the fact that the Court afforded Petitioner an opportunity to respond to Respondents' supplementary brief, Petitioner has not responded and has not demonstrated that he will suffer any collateral consequences or concrete injury due to his parole revocation proceedings.  *See Fells v. Breslin*, No. 04-CV-03849, 2007 WL 675081, at *3 (E.D.N.Y. Feb. 26, 2007) (reasoning that a petitioner who is no longer in custody and challenging parole revocation hearings must "demonstrate a concrete, ongoing injury-in-fact attributable to his parole revocation").  Nor can this Court envision any collateral consequences that may adversely impact Petitioner as a result of the revocation proceedings.

In addition, Petitioner's claim that DOCCS violated his due process rights by refusing to allow his state sentences to run concurrently with his federal sentence is moot because his sentence expired and he is no longer in DOCCS custody.  *See Roache v. Connell,* No. 9:09-CV-1302 (FJS), 2012 WL 589670, at *2 (N.D.N.Y. Feb. 22, 2012) (finding that because

the petitioner was released from custody, the issue of whether his sentences should run concurrently was moot) (citing *Reyes v. New York*, No. 08 CIV. 8645, 2009 WL 1066938, at *2 (S.D.N.Y. Apr. 21, 2009)).

Finally, the narrow exception to the mootness doctrine; "capable of repetition yet evading review," is not applicable in this action. *See Campbell v. Bartlett*, No. 9:20-CV-1375 (GLS/CFH), 2021 WL 2380817, at *3 (N.D.N.Y. June 10, 2021) (reasoning that courts presumes "individuals will act in a lawful way," [therefore] there is no reasonable expectation that [the] petitioner will find himself in a similar situation again because it would first require him to act in an unlawful manner").

Although Petitioner was in DOCCS custody when he filed his petition, his release and the expiration of his sentence, coupled with Petitioner's failure to respond to Respondents' supplemental brief or allege a lack of collateral consequences, renders his petition moot. Moreover, Petitioner has obtained the relief requested in the amended petition; release from prison. *See Maguire v. Corcoran*, No. 9:09-CV-632 (GLS/ATB), 2010 WL 6823728, at *4 (N.D.N.Y. May 6, 2010), *report and recommendation adopted*, 2011 WL 2580393 (N.D.N.Y. June 28, 2011).

Accordingly, Petitioner's claim for habeas relief is dismissed as moot.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended petition, Dkt. No. 6, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. §

2253(c)(2) requires;[3] and it is further

   **ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in

accordance with the Local Rules.

Dated: September 13, 2022
          Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[3]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).